Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Circuit' court of Bath county, rendered on a writ of habeas corpus, awarded on the petition of the plaintiff in error, "William C. Cleek, complaining of imprisonment in tbe jail of said county without due process of law or the legal judgment of a court. The writ of habeas corpus was; *778 prayed for and awarded on the 13th day of May 1871. The jailor returned to the writ, that “the within named William C. Cleek is detained in my jail and custody under a judgment of the County court of Bath county, by which said William C. Cleek was sentenced to imprisonment in the said jail for the term of ten months, commencing on 13th July 1870, which term the said William C. Cleek has not served out by reason of the fact that on the 21st day of September 1870, he escaped from the said jail and was not apprehended or rearrested and returned to the sail jail until the 14th day of January 1871.” And the court, after hearing the matter both upon the return and other evidence, was of opinion that the petitioner was legally detained in prison, and overruled his petition and remanded him to jail. To the •said judgment of the court a bill of exception was taken ■by the petitioner setting out the facts proved in the case. From which it appeal’s that the petitioner, having been indicted for a felony alleged to have been committed by him in the said county of Bath by maliciously shooting, with intent to main, disfigure, disable and kill one Samuel C. Burger, was tried for the said offence in the ■County court of said county, and on the 13th day of . July 1871, a verdict was rendered against him in these words: “We, the jury, find the prisoner guilty of unlawful shooting with intent to maim, disfigure, disable and kill, and we do ascertain that he be imprisoned in the county jail for the term of ten months, and that he pay a fine often dollars.”
No judgment was rendered on the verdict at that • term of the court. But at the next term, to wit: ■on the 25th day of August 1871, a judgment was rendered by the said court in the following words : “The said William C. Cleek was arraigned and tried at the last, term of this court upon the indictment found by the grand jury at the term aforesaid, for rfeloniously and maliciously shooting a certain Samuel C. *779 Burger with intent to main, disfigure, disable and kill the said Samuel C. Burger, and the term of his confinement in the jail of this county was fixed by the jury at ten months, and a fine assessed against him by the said jury was fixed at ten dollars, and the judgment upon the verdict aforesaid was inadvertently omitted to be rendered up against him at the term aforesaid. The said William C. Cleek was again led to the bar, in custody of the jailor of this court; and, thereupon, it being demanded of him if anything for himself he had or knew to say why the court here should not now proceed to pronounce judgment against him according to law, and nothing being offered or alleged in delay of judgment, and the court proceeding to render judgment on said verdict nunc pro tunc—It is considered by the court that the Commonwealth recover against the said William C. Cleek ten dollars, the fine by the jurors aforesaid in their verdict assessed, and the costs of this prosecution ; and that the said William C. Cleek be imprisoned in the jail of this county for the term of ten months, commencing on the 13th day of July 1870 ; and the said William C. Cleek is remanded to jail.”
It was further proved by a witness, the former jailor of the county, introduced by the attorney for the Commonwealth, that the prisoner escaped from the jail of Bath county on the 21st September 1870, and remained at liberty until 14th January 1871, when prisoner was retaken by witness and committed to jail, where he has remained ever since. “ These were all the facts proved,” as the bill of exceptions recites : “ and the court being of opinion that the county court had a right to make the order it did, at the August term, 187 0, and that the jailor had a right to hold the prisoner in confinement for the length of time he was at liberty, and that the judgment for ten months’ imprisonment will not expire until he has been imprisoned for the time which elapsed during his escape (although he is indicted for escaping), overruled *780 the petitioner’s petition, and remanded him to. jail, there confined for the period of time elapsing from 21st September 1870 to 14th January 1871.
Two questions arise in this case : First, whether the County court of JBath, having adjourned at July term 1870, without then rendering any judgment on the verdict then found by the jury in this case, had any power to render such judgment at the succeeding August term of the court? And, secondly, if the court had such power, could the plaintiff in error be lawfully detained in prison after the expiration of ten months next succéeding the verdict, and for a period equal to that which elapsed after his escape from jail, and while he was going at large-during the said term of teu months ?
A3 to the first question, it arises incidentallydn the-case. The legality of the judgment, and of the imprisonment under it until the expiration of ten months next succeeding the date of the verdict, would probably not have been questioned by the plaintiff in error, but for his escape and his having been detained after his rearrest and after the expiration of the said period of ten months. His application for a writ of habeas corpus was not made until, but was made on the very day of, such> expiration. But having thus questioned the legality of his detention after that period, it became material to enquire whether his imprisonment during that period, or any part of it, was lawful: and heuce arose the first question above presented, which we will now proceed to consider.
The verdict did not finally dispose of the case, but was-merely an interlocutory proceeding in it. Notwithstanding the verdict, the case was still ponding, and stood over for judgment, which might have been rendered on the same day, or on a subsequent day of the same term, or might be rendered at a subsequent term. There could have been no doubt of this, if the case had been continued on the record for judgment, either te *781 another day of the same term, or to a subsequent term. JBut no such continuance was entered on the record ; and the only question is, whether the omission of such an enti’y on the record worked a discontinuance of the ■case. How, that very question is expressly answered by the statute, and no other answer is needed. The Code, p. 686, ch. 161, sec. 16, declares that “ all causes upon the docket of .any court, and all other matters ready for its decision, which shall not have been determined before the end of a term, whether regular or special, ■shall, without any order of continuance, stand continued to the next term.” And again, at p. 834, ch. 207, sec. 26, in special reference to criminal cases, the Code declares that “there shall be no discontinuance of any •criminal prosecution by reason of the failure of the court to award process or to enter a continuance on the record.” It follows that the first question must be determined in the affirmative, and that the County court of Bath had power, at the August term of the court, to render judgment on the verdict found at the preceding July term of •the court. And now we proceed to consider the
Second question : Could the plaintiff in error be lawfully detained in prison after the expiration of ten months next succeeding the verdict, and for a period equal to that which elapsed after his escape from jail, .and while he was going at large during the said term of ten months ?
The jury found the prisoner guilty, and ascertained “that he be imprisoned in the county jail for the term of ten months, and that he pay a fine of ten dollars.” The judgment of the court was for the fine and costs, and that he be imprisoned in the said jail for the term of ten months, commencing on the 13th day of July 1870. He had not been so imprisoned for the said term at the ■expiration of that period of time next after the verdict, having escaped from said jail on the 21st of September 1870, and remained at liberty until the 14th of January *782 1871, when he was retaken and committed. He will not ^ave been so imprisoned for the said term until he shall have remained in jail after the expiration of the ten months from the date of the verdict (which ten months expired on the 13th day of May 1871) for a period equal to that which elapsed between the said 21st of September 1870 and the said 14th of January 1871 ; that is, a period of three months and twenty-three days. He has not yet been subjected to the entire judgment of the court. He has avoided it by his own voluntary act, and that, too, a criminal act. Surely a man cannot avoid the punishment of one crime by committing another: cannot get rid of an imprisonment to which he has lawfully been condemned by breaking- jail and making his escape. Nothing would seem to be plainer than this. It may be said that the jailor must be governed by the term prescribed by the judgment, commencing at, and running continuously from, the date of the judgment; that when that term, so commencing and running is ended, he can no longer detain the prisoner under the judgment; and that it would be dangerous to give to a mere ministerial officer power to prolong the imprisonment for the purpose of obtaining compensation for so much of it as may have been avoided by an escape. But there would be no difficulty in ascertaining the measure of such compensation. The jailor would always know the precise period of the escape and of the recapture ; and would act at his peril, If he erred, the party aggrieved would have a prompt and efficient remedy by habeas corpus, in which the facts on which the legality of the act of the jailor would depend, could be easily and clearly ascertained. He would also have a remedy by an action of false imprisonment. It may be further said that the escape itself is a criminal act, for which the party may be prosecuted and punished; that Bueh punishment may embrace what remains due and unpaid for the original offence ; that *783 that is the proper and only way of completing the punishment of the original offence ; and that in this case a prosecution for the escape has actually been commenced, and is now pending against the plaintiff’ in error. The answer to this objection is, that the two offences are distinct, and each is subject to its appropriate punishment. Having been convicted of the original offence, and sentenced to punishment therefor, he must suffer that punishment, and cannot avoid it by the commission of another offence for which he may or may not be prosecuted and punished.
The offence of prison breaking was felony at the common law, for whatever cause, civil or criminal, the party was lawfully imprisoned. But the severity of the common law is mitigated in England by the statute de frangentibus prisonam, 1 Ed. 2, stat. 2, which enacts that none from henceforth, that breaketh prison, shall have judgment for life or member for breaking of prison only ; except the cause for which he was taken and imprisoned did require such a judgment if he had been convicted thereupon, according to the law and custom of the realm. After that statute prison breaking, where the party was confined for an inferior offence, was only a high misdemeanor; punishable by fine and imprisonment. 1 Russ. on Crimes, 427, marg. And now by our Code, p. 799, ch. 194, § 11, a person confined in jail on conviction of a criminal offence, who escapes thence by force or violence, shall be confined in the penitentiary one year, if previously sentenced to confinement therein, or be confined in jail six months, if previously sentenced to confinement in jail; the term of confinement under this section to commence from the expiration of the former sentence. § 12. If a person lawfully imprisoned in jail, and not sentenced on conviction of a criminal offence, escape from jail by force- or violence, he shall be confined in jail not exceeding one year. This offence of a violent escape from prison- *784 can now be punished' only under the above statutory provisions; it being provided by the Code, p. 812, ch. 199, § 8, that “ a common law offence for which punishment is prescribed by statute, shall be punished only in mo(je s0 prescribed.” It does not appear whether the escape in this case was by force or violence; but conceding that it was, it is punishable only under the second branch of § 11, ch. 194 of the Code, supra, with six months’ confinement in the county jail. Suppose that the prisoner in this case had made his escape the day after his conviction, and remained at large for ten months, then if he could not be imprisoned for ten months under the original judgment, he would by his own criminal act reduce his punishment from ten months to six months’ imprisonment. In other words, would avoid punishment altogether for the original offence of which he had been convicted and be punishable only for a new and distinct offence. Whilst the statute limits the punishment of such an escape to six months’ imprisonment, there are many statutes which prescribe a longer period of imprisonment for offences, and the common law offence of misdemeanor may be punished by any confinement in jail at the discretion of the court. In no such case could the punishment of prison breaking be considered as a ■punishment also of the offence for which the party was confined in jail when he made his escape. The words at the close of § 11, ch. 194, “ the term of confinement under this section to commence from the expiration of the former sentence,” can make no difference. The former sentence does not expire until the prisoner has suffered the full amount of imprisonment adjudged against him.
We are of opinion that there is no error in the judgment, and that it be affirmed.
Judgment oe the Circut court aeeirmed.